Christian, J.,
delivered the opinion of the court.
The plaintiffs in error were indicted under the 28th *951 section, chapter 188, Code of 1878, which declares that “if a person unlawfully, but not feloniously, take and carry away, or destroy, deface or injure, any property, real or personal, not his own * * * he shall be deemed guilty of a misdemeanor.”
The plaintiffs in error having waived their right to a trial by jury, demurred to the evidence offered by the commonwealth; which demurrer was overruled by the court; and judgment entered against each of the defendants for a fine of five dollars in each ease.
The commonwealth’s evidence to which the demurrer was tendered was as follows:
At a county court held for Floyd, on the 10th day of February, 1868:
On motion of R. W. Whitlow, he is authorized to take charge of that portion of the Floyd and Patrick turnpike lying between Floyd courthouse and the Patrick county line, and put the same in order, and receive for his services and labor done on the same in making repairs, the tolls collected on said road for the next five [years], he putting the said road in good order before he is authorized to receive tolls on the same.
At a county court held for the county of Floyd, on the 11th day of Deeémber, 1872:
On motion of R. W. Whitlow, it is ordered that the turnpike leading from Floyd courthouse, to Patrick county be let to the said Whitlow for the term of five years, F. O. .House to the Patrick line, to be kept up by the tolls arising therefrom, which said Whitlow is authorized to collect at one gate, that he may erect on said road at such place as suits his convenience, said tolls to remain at present rates charged on said — by A. Booth; but before the said Whitlow shall be enti *952 tied to any benefit from said tolls — this order he shall enter bond in the sum of $1,600, with good security, be approved by the court, payable to Jacksonville township, to keep said road in the condition required by law for turnpike roads, for the term of five years.
And .it is further ordered and expressly understood, that this court reserves to itself the right to annul and discontinue this contract at any time, upon ten days’ notice to said Whitlow, or his assigns, in case he fails to keep said road in the order required by law.
And it is further ordered, that the said Whitlow shall not take any toll on said road until William Campbell, S. Dobyns, Thomas L.' Hixon, Eden Epperly and Mason Jenkins, or any three of them, who are hereby appointed to act as commissioners for that purpose, shall certify that said road is in the condition required by law. And the court reserves the right to alter the tariff of tolls at any time he may. deem proper upon ten days’ notice to the said Whitlow or his assigns.
Robert W. Whitlow had erected a toll-gate on that part of the Jacksonville and Christiansburg turnpike lying in the county of Floyd, between Floyd courthouse and the Patrick liue, and was keeping the road in repair for tolls received at the gate under the last order. He had never'taken or received tolls under first order, said road being kept in repair by surveyor and hands assigned to work same until Whitlow’s last contract was made with county court. Toll-gate was the personal property of the said R. W. Whitlow. At the date set out in the' information, defendants, with their teams, drove up to the toll-gate in the county of Floyd, and found the same closed and fastened. They demanded that the gate-keeper should open the gate; the gate-keeper demanded[the usual tolls before open *953 ing the gate; the defendants refused to pay tolls, said they did not intend, and would not pay tolls, and the gate-keeper refused to open gate. Thereupon, then and there, the defendants by force broke down, removed, injured and destroyed the gate, and passed over said road without paying tolls.
The court is of opinion, that there was no error in the judgment of the court in overruling the demurrer and assessing a fine against the plaintiffs in error. They were certainly guilty of the offence which the statute -defines. They unlawfully injured and destroyed personal property not their own. The toll-gate was the pesonal property of Whitlow. It was not only injured but destroyed by the plaintiffs in error. The toll-gate was erected by Whitlow under an order of the county court of Floyd. It may be that such order was without authority, (on that question we express no opinion,) and that being without authority it was a nuisance to erect a toll-gate across a public highway. But that question the plaintiffs .in error had no right to decide for themselves, except at their own peril.
But if the toll-gate was such an obstruction on the highway as could be regarded as a nuisance, the plaintiffs in error could only be justified in removing it peaceably, not in destroying it. The evidence shows that they not only removed the gate, but destroyed it. This was an unlawful act which was indictable under the statute. The court is therefore of opinion, that there is no error in the judgment of said circuit court, and that the same be affirmed.
Judgment arrirmed.